Argued and submitted May 12, affirmed August 11, reconsideration denied September 11, petition for review allowed November 10, 1980

UNITED STATES NATIONAL BANK
OF OREGON,
*Plaintiff,*
*v.*
HOMELAND, INC., et al,
*Respondents, and*
SCHLESINGER, et al, Appellants.

(No. 393-568, CA 15523)

615 P2d 380

John M. Berman, Esq., Portland, argued the cause and filed the briefs for appellants. With him on the briefs was Spears, Lubersky, Campbell & Bledsoe, Portland.

Kevin D. Padrick, Portland, argued the cause and filed the brief for respondents. With him on the brief were Peter C. Richter and Miller, Anderson, Nash, Yerke & Wiener, Portland.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

The Schlesingers, as lessors, filed a claim with the receiver of Homeland, Inc., for the sum of $26,460, alleged to be the rent due on a lease. The trial court, sitting in equity, allowed only $8,490 of the claim. The Schlesingers have appealed. We affirm.

Homeland leased approximately 3,000 square feet of office space from the Schlesingers for a term of five years commencing April 1, 1971, and ending March 31, 1976. Homeland vacated the premises on July 31, 1973, with 32 months remaining on the lease. The rent of $1,415 per month was not paid by Homeland after the premises were vacated.

The Schlesingers leased the same premises to Sebastian's International, Inc., for a term to run from February 1, 1974, through January 31, 1977, at a rate of $1,500 per month. On July 14, 1974, Sebastian's defaulted and vacated the premises after having paid a total rent of $7,500.

Effective August 1, 1975, the Schlesingers leased the 3,000 square feet of office space in question to a third person and they make no demand on Homeland's receiver for any rent due after that date.

The Schlesingers' claim against the receiver is computed for the period of 24 months (August 1, 1973, through July 31, 1975) at the rate of $1,415 per month for the sum of $33,960, less rent paid by Sebastian's in the amount of $7,500, for a net of $26,460.

In a memorandum filed with the trial court the receiver said:

" * * * [T]he Schlesingers are entitled to be paid their pro rata share of the distribution based upon a total claim of $8,490, representing unpaid rent of $1,415 per month from July 31, 1973, until February 1, 1974, when the premises were leased to Sebastians."

Without giving any reason, the trial court allowed the claim in the amount of $8,490 and the Schlesingers have appealed, assigning as error the denial of the balance of the claim.

The Schlesingers contend that Homeland remained liable for the rent under the terms of the lease and that the lease to Sebastian's was an attempt to mitigate damages under *Foggia v. Dix,* 265 Or 315, 509 P2d 412 (1973); *Wright v. Baumann,* 239 Or 410, 398 P2d 119 (1965).

■ It is the receiver's position that because the lease to Sebastian's extended the term ten months and increased the monthly rent $85 above and beyond the Homeland lease, there was a termination of the Homeland lease. The receiver argues that in any event the Schlesingers cannot recover the full stipulated rent as damages because they have not offered any proof to support the proper measure of damages.[1]

The receiver relies on *Kulm v. Coast-To-Coast Stores,* 248 Or 436, 432 P2d 1006 (1967).

> " * * * In *Kulm* we held that the proper measure of the lessor's damages is the difference between the rent reserved in the lease and the reasonable rental value of the premises for the remainder of the term. 248 Or at 442." *Miller v. Der Wienerschnitzel,* 265 Or 438, fn 1 at 442, 509 P2d 1170 (1973).

> "In *Kulm,* the plaintiff proved only the amount of the rental payments provided for in that contract. He contended that defendant had the burden of proving that plaintiff could have mitigated damages by leasing the property to others. He also contended that the

---

[1] The Schlesingers in their reply brief in this court, citing *Friesen v. Fuiten,* 257 Or 221, 478 P2d 372 (1970); *van der Hout v. Johnson,* 251 Or 435, 446 P2d 99 (1968), contend that the receiver for the first time on appeal is raising a new theory of defense. Assuming for the sake of argument that the receiver has raised a new theory, the Schlesingers still have the burden of proving that they are entitled to damages. *Van v. Fox,* 278 Or 439, 445, 564 P2d 695 (1977).

measure of damages was the difference between the rent reserved in the lease and the rentals actually received during the period of default, and that defendant had the burden to prove the amount so received. In that case, plaintiff failed to offer evidence sufficient to establish what, if any, loss and damages he had suffered in that he failed to show either that the property had no market value or that the market value was less than the rental payments as provided by the lease. For that reason we held in *Kulm* that the plaintiff failed to sustain his burden of proof and was not entitled to recover any of the damages prayed for by his complaint." *Davis v. Wilson,* 261 Or 137, at 143, 493 P2d 31 (1972).

In this case the Schlesingers have failed to offer any proof as to the "reasonable rental value" or the "market value" of the premises and, therefore, have not proved an essential element of their damage. We do not reach the question of whether the Sebastian's lease resulted in a termination of the prior lease or was only an attempt to mitigate damages.

Affirmed.